IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS A. HOLLINGSWORTH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-503-JLH |
| | ) |
| UNITED STATES SECRETARY OF | ) |
| THE TREASURY JANET YELLEN, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Thomas A. Hollingsworth, Jr. ("Plaintiff"), an inmate at James T. Vaughn Correctional Center, filed this civil action against Defendant United States Secretary of the Treasury Janet Yellen ("Defendant"). (D.I. 3; *see also* D.I. 7)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5)  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (D.I. 10)  For the reasons set forth below, the Court recommends that the Complaint be dismissed with prejudice.

**I.      BACKGROUND**

The substance of Plaintiff's Complaint is difficult to discern.  But in it, *inter alia*, he declares that he is the sole legal beneficiary of his own legal estate, purports to convey to the Clerk of this Court ("Clerk") the power to act as "trustee" in some way over any legal matters that relate to him due to his alleged disability, purports to "release and rescin[d]" any interest in his own name or signature, and requests that the Clerk perform "an extinguishment and a full accounting" as to all legal matters relating to Plaintiff. (D.I. 3)  Defendant is not referenced in the body of the Complaint, nor are any acts of Defendant asserted therein to give rise to a legal claim. (*Id.*)

In later-filed exhibits to the Complaint, Plaintiff purports to convey to Defendant the trustee powers referred to above, and demands that Defendant perform the above-referenced duties. (D.I. 7)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling

on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show[]" entitlement to relief. *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**III.    DISCUSSION**

Plaintiff names the then-United States Secretary of the Treasury Janet Yellen as Defendant. Absent a waiver, however, sovereign immunity shields the Federal Government and its agencies from suit, and also applies to any claims against federal government officials acting in their official capacity. *See Stroman v. United States Sec'y of Treasury*, Civ. No. 22-322-GBW, 2022 WL 16713031, at *2 (D. Del. Nov. 4, 2022) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)). Sovereign immunity may be waived only if the government unequivocally consents to suit; the plaintiff bears the burden of establishing that his claims fall within any applicable waiver. *Id.* (citing *Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Here, Plaintiff's Complaint (including all exhibits thereto) against Defendant should be dismissed as frivolous because Defendant was protected from suit by sovereign immunity, and Plaintiff has not established any waiver of sovereign immunity permitting suit against Defendant. *Id*. at *3. Additionally, the Complaint should be dismissed as frivolous for the independent reason that it does not validly assert any wrongful conduct on the part of Defendant that might plausibly give rise to a civil claim by Plaintiff. *Id*. at *3-4.

### IV.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be dismissed with prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the

loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: April 4, 2025

                                                  Christopher J. Burke
                                                  UNITED STATES MAGISTRATE JUDGE